Owen McGtvern, J.
In this article 78 proceeding, petitioner, a policeman, seeks an order directing the Police Commissioner to authorize payment to him of his salary for the period of March 29, 1954 through December 14, 1954. The respondent alleges that petitioner was suspended without pay on March 29, 1954 for shooting a man while investigating a crime which he had not officially reported as required by departmental regulations.
The suspension came hard upon the indictment of the petitioner for homicide. Admittedly, the charges and specifications upon which he was later tried by the commissioner were not served upon him until April 14, 1954. Petitioner was acquitted of the criminal charge and was also found not guilty later in the departmental trial of the same act, i.e., unlawfully and without just cause causing the death of a man by a shot from his revolver. He was found guilty of the second specification in that he failed to report, etc. upon the crime he was engaged in investigating, and was punished with a ‘ ‘ reprimand ’ ’ and restored to duty.
The petitioner brought no proceeding to review that determination made on December 13, 1954, nor does he seek to have it reviewed in this proceeding. He relies wholly upon the decision in the action of Brenner v. City of New York (12 Misc 2d 311), wherein the court held that a suspension without pay was invalid unless preceded by or accompanied with the service of charges upon which the suspension was based. Petitioner, however, has not successfully met the Statute of Limitations, and therefore the analogy of this case with Brenner (supra) is not determinative. This court must and does find that the right to the pay in question accrued no later than December of 1954, and this proceeding having been instituted in May, 1958, the two-year statute (Administrative Code of City of New York, § 434a-15.0) is a complete bar.
Petition is dismissed, without costs.